## CALIFORNIA CRUSHED FRUIT CORPORATION v. TAYLOR BEVERAGE & CANDY CO.

District Court, W. D. Wisconsin.
March 7, 1930.

Reed & Rogers, of Chicago, Ill., Sanborn, Blake & Aberg, of Madison, Wis., and W. T. Woodson, of Chicago, Ill., for plaintiff.

Henry B. Floyd, of Chicago, Ill., and Harry Sauthoff, of Madison, Wis., for defendant.

LUSE, District Judge.

The pleadings and affidavits submitted raise issues of fact on the novelty of the black, opaque, "champagne" shaped bottles adopted by plaintiff and which it seeks to enjoin defendant from using; also on plaintiff's claim that such bottles have secured a secondary meaning in the trade so as to indicate therein, by the phrase "black bottle," plaintiff's product, "Mission Orange Dry," as distinguished from other orange dry products, including defendant's. Furthermore, defendant makes a rather strong showing that the use of such black bottles by plaintiff is not so much to distinguish its product from others as to protect the fruit juices therein from the deleterious effects of light rays, and to prevent consumers' observation of the separation of the fruit pulp from the liquid of the beverage, which separation, defendant claims, is unsightly, and when observable by consumers, as it is in transparent bottles, results in sales resistance. If the black bottles used by both parties serve the two useful purposes last mentioned, it seems clear that defendant is entitled to use them unless plaintiff has a right to their exclusive use, either under patent, which it has not, or by continued exclusive use to such degree that the black bottle container has come to have a secondary meaning indicating plaintiff's product as distinguished from others. Plaintiff commenced to use the black champagne-bottle container in August, 1928, while defendant commenced to use similar bottles prior to the commencement of this suit on August 8, 1929. So that the period of plaintiff's user, exclusive or otherwise, was not more than one year prior to the filing of plaintiff's bill. It is assumed that no rule of thumb can be applied by which a court may say how long user is necessary to establish a secondary meaning to a container or other article. One can imagine a container so distinctive and novel that its user for a short period with adequate advertising might give it a secondary meaning in a comparatively short time, but that would be unusual, if not extraordinary. Again, defendant's labels and caps, together with its name for its product ("Land O'Lakes Orange Dry"), are admittedly so different from those of plaintiff as to forestall complaint by plaintiff as to them.

There is no intent to decide the issues above outlined on this record. But those issues are presented and the court is not sufficiently satisfied that the plaintiff is right with respect thereto, to warrant the exercise of its discretion in favor of granting the injunction asked for, except with respect to the bottles once used by plaintiff and which have the name of plaintiff's product blown in the bottom and have been refilled by defendant with its product and sold to the trade. I am aware that the location of such

words is in an inconspicuous place and that the use of defendant's distinctive labels and crowns may, and probably does, in most cases serve to overcome the effect of the words blown in the bottle. Nevertheless, the use of such bottle by defendant involves an assertion that the content is Mission Orange Dry, and the question is always present as to whether or not such assertion has been overcome by the use of defendant's distinctive labels and crowns, asserting the contents to be Land O'Lakes Orange Dry, in the mind of the retail dealer or consumer. If defendant desires to market an orange dry, it should certainly avoid the use of containers which serve to assert anywhere that its product is that of plaintiff.

While defendant's answer and affidavits disclose that, on notice from plaintiff's counsel and before the bill herein was filed, it ceased to market its product in bottles having the name of plaintiff's product blown therein, and intends to sell no more until its right to do so is settled in this suit, it appears that it has a considerable quantity of such containers in its possession, and its brief discloses that it maintains its right to resume such practice. It seems entirely clear to me that defendant should not be permitted to do so. Under such circumstances, no reason is seen why a preliminary injunction should not issue limited to enjoining the use by defendant of bottles having the name of plaintiff's product blown therein. Hence plaintiff's application is granted in part, and denied in part, in accord with this memorandum, and plaintiff's counsel may submit an order accordingly.